CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 19 2008
JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN JEROME HARRISON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00062 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JACK LEE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Kevin Jerome Harrison, an inmate at Middle River Regional Jail ("MRRJ") in Staunton, Virginia, filed this pro se action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Plaintiff alleges that his constitutional rights have been violated by his placement in administrative segregation "without due process" and that, because of his administrative status, he is unconstitutionally "being denied at least 5 hours per week out of cell time" and the "priviledge [sic] of purchasing food items from the commissary." He further alleges that he has "had [his] personal property lost or destroyed" and that his "food has been tampered with." He adds that he has been subjected to excessive force and denied medical treatment for injuries received as a result. Plaintiff seeks damages in the amount of $500,000.00 and injunctive relief.[2] Upon review of the record, I conclude that plaintiff's claims regarding administrative segregation, "out of cell time," commissary privileges, lost property, and food tampering fail to state a claim upon which relief can be granted and, therefore, must be dismissed, pursuant to 28 U.S.C.

---

[1] Plaintiff originally filed the case in the United States District Court for the Eastern District of Virginia, Alexandria Division. Because all of the defendants are located in this district and all the events pertaining to the lawsuit occurred here, the case has been transferred to this court. See 28 U.S.C. § 1391.

[2] Plaintiff seeks "to be granted at least 5 hours per week out of cell time" and "to be able to purchase food items from [the] commissary."

1

§ 1915A(b)(1), for the reasons stated herein.[3]  However, given that plaintiff's claims of excessive force, threats of physical abuse, and denial of medical treatment may state a claim if properly particularized and amended, those claims will not be dismissed; in due course, the magistrate judge will enter an appropriate order regarding those claims.

## I. Factual Summary[4]

Plaintiff states, in his "Claim #1," that he is housed in the administrative segregation unit at MRRJ.  He states that he is "being denied at least 5 hours per week out of cell time while being housed on Administrative Segregation Status," and adds that this "is unconstitutional."  In his "Claim #2," he further states that he is "being denied the priviledge [dic] of purchasing food items from the jail commissary while on administrative segregation without due process."  Plaintiff's requests and grievances regarding the deprivations to which he has been subjected while in administrative segregation state, in pertinent part:

> Cruel and unusual punishment; Sir as you are aware I am being held in segregation by the administration.  My prisoners Rights are being denied by your administration by denying me 5 hrs pers week out of cell time and access to commissary food items.  Under the Civil Rights Act, 42 USC § 1983 While being held on Administrative Segregation.
>
> * * *
>
> I am asking you to allow me to order my commissary food items and to get at least 5 hours per week out of cell time.  These are priviledges that can not be denied without due process.  Please see Civil Rights Act 42 USC § 1983.
>
> * * *

---

[3] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[4] The facts have been adduced from the complaint and attachments submitted in support thereof.

2

I am requesting that you allow me to get (5) hrs. out of cell time per week and that I be allowed to receive food items from Commissary. These are priviledges that can not be abridged with out due process. I am being held on Administrative Segregation and under the Civil Rights Act of 1983 regarding prisoners rights you and your staff are in violation of the law. Please rectify.

(Verbatim quote.) Plaintiff was advised that he was being allowed all the "privileges and rights" allowed in his assigned area and that, "per policy for segregation" he was allowed out of his cell "1 hours [sic] per week" and to obtain "legal materials and hygiene items" from the "canteen."

In his "Claim #3," plaintiff states that he has "had [his] personal property lost or destroyed" and that his "food has been tampered with." Regarding his claim of lost or destroyed property, plaintiff has submitted grievance documents that state that "personal property" in the form of three "warrants that [he] was booked on" and a pair of "Timberland boots" were confiscated from him. The responding officer advised plaintiff that MRRJ policy prohibited him from having the boots, but that his "warrants and other things" would be returned to him. Plaintiff has also submitted a copy of a grievance he submitted regarding his claim of food tampering, wherein plaintiff stated:

On 12-2-07 Officer A. Rawley brought my breakfast tray to me 20 minutes after feeding everyone else on Seg 3. The food was cold and appeared to have been tampered with. When I asked the Officer Why it took so long and Why was the tray tampered with? he stated "if your dumb ass did not hit Sgt. Vandevander you wouldn't have to worry about it." These are the things that I am constantly going through with your staff. This is a violation of my constitutional and my civil rights.

I would like for you to inform your officers of the fact that they are in violation of the law. Also I would like to placed on protection from your officers. Who have threatened me.

(Verbatim quote.) Plaintiff was informed that his food had been delayed because the Sergeant "was busy" and "no one tampered with" his food.

3

The court will discuss additional facts as necessary in its analysis.[5]

## II. ANALYSIS

As previously noted, a petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Construing plaintiff's complaint liberally, the court concludes that plaintiff puts forth the following allegations in an attempt to state a claim, but the allegations fail to state a claim upon which relief may be granted: plaintiff is entitled to five hours of "out of cell time" per week while he is confined in administrative segregation, but is only permitted one hour per week of "out of cell

---

[5] Plaintiff also states that he has "been harmed physically and threatened with physical abuse," and that he has "been peppered [sic] sprayed and denied medical treatment for [his] injuries." Although this opinion will not address these claims of excessive force, threats of physical abuse, and the denial of medical care, the court notes that plaintiff provides some further details regarding these allegations, stating that, on November 1, 2007, he was "beaten severely by at least 7 correctional officers. . . ." He alleges that he suffered a "swollen nose," a "lacerated wrist," "crack [sic] ribs," a "twisted disk" in his back, and a "dislocated shoulder." He contends that he "was denied medical treatment with the exception of a nurse who took [his] blood pressure and prescribe [sic] pain medication for 1 week," and he adds that his injuries have still not been "looked at." Plaintiff has provided copies of grievance documents he submitted regarding the incident on November 1, 2007. He states:

> [Officers] entered my cell to confiscate my property and to "Teach me a lesson about calling Officer Clark a bitch" While I was told to stand with my nose touching the wall several officers about 6 or 7 total, began pushing my face and forehead against the wall and calling me names. **I retaliated by turning from the wall and hitting Sgt. Vandevander with my fist.** All of the officers then beat me, kicked, stomped and smashed my face into the floor. They pulled my eye lids open and sprayed peper spray mace directly into my eye and my mouth I beg the officers not to kill me. They hand cuff my wrist so tight that my right wrist was cut with deep gashes. My ribs were crack and my shoulder was dislocated. I was not allowed to be treated by the nurse for anything but a blood pressure check. **I was charged with malicious wounding of an officer.** I want the officer involved in the attack on me charged reprimanded and dealt with severely. . . .

(Verbatim quote; emphasis added.) Plaintiff does not indicate whether his placement in administrative segregation resulted from disciplinary proceedings regarding this incident; however, the apparent chronology of the events suggests that is the case.

4

time"; he is entitled to shop in the commissary while he is confined in administrative segregation; he has been placed in administrative segregation without due process; his property has been lost or destroyed; and his food has been "tampered with."

## A. ADMINISTRATIVE SEGREGATION CLAIMS

A prison disciplinary action implicates a liberty interest requiring federal due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed plaintiff's complaint, the court concludes that plaintiff has failed to allege facts sufficient to establish that the conditions or length of his confinement in administrative segregation pose an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions); see also In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471-72 (4th Cir. 1999) (indefinite duration of the segregation does not render it unconstitutional), cert. denied, 528 U.S. 874 ("In re Five Percenters"); Jackson v. Smith, 91 F.3d 130 (Table), 1996 WL 380254 (4th Cir. 1996) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process protected liberty interest); Sadler v. Young, Civil Action No. 7:04cv00580, slip op. at *9 (W.D. Va. April 28, 2006) (finding that the imposition of disciplinary isolation does not amount to an atypical prison condition); Wells v. Mattern, Civil Action No.

5

7:06cv00223, slip op. at *2 (W.D. Va. June 12, 2006) (citing <u>Kennedy v. Blankenship</u>, 100 F.3d 640, 642 n. 2, 642-43 (8th Cir. 1996) (holding that placement in punitive isolation was not an atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges)); <u>Hutto v. Finney</u>, 437 U.S. 678, 686 (1978) (finding that confinement to punitive isolation does not implicate cruel and unusual punishment unless conditions themselves are cruel and unusual); <u>Sheley v. Dugger</u>, 833 F.2d 1420, 1428-29 (11th Cir. 1987) (same); <u>Gibson v. Lynch</u>, 652 F.2d 348, 352 (3d Cir. 1981) (same).

Plaintiff does not possess a liberty interest in avoiding confinement in administrative segregation; therefore, he is not entitled to due process protections prior to such confinement. <u>Sandin</u>, 414 U.S. at 484; <u>Beverati</u>, 120 F.3d at 504; <u>Gaston v. Taylor</u>, 946 F.2d 340, 343 (4th Cir. 1991) (changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison"); <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983) (prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison.); <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976) (same); <u>Hamm-Bey v. Johnson</u>, Civil Action No. 7:05cv00559, 2005 WL 2563029 at *2 (W.D. Va. Oct. 11, 2005) (finding that a move to a new security level and coinciding limits to inmate's potential to earn good conduct credit does not trigger federal due process protections). Plaintiff's claim regarding the restrictions on his commissary privileges likewise fails. <u>Kennedy</u>, 100 F.3d at 642 n. 2, 642-43. Regarding plaintiff's restriction to one hour per week of out-of-cell time, plaintiff's allegations, which do not allege (or even imply) that he has suffered any harm as a result of the one hour per week restriction, also fail

6

to raise an issue of constitutional magnitude. Severe restrictions on out-of-cell exercise for an extended period **may** constitute cruel and unusual punishment, **if the restrictions result in harm to the prisoner's health**. Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir. 1975). Here, plaintiff's detailed allegations of harm do not include any claims of harm to his health resulting from the restrictions on his out-of-cell time while confined in administrative segregation. See also Beverati, 120 F.3d at 504 (six-month term in segregation with no outside recreation permitted did not impose an atypical hardship); In re Five Percenters, 174 F.3d 464, 471-72 (4th Cir. 1999) (indefinite duration of the segregation does not render it unconstitutional; segregated confinement and its "inescapable accompaniments" – isolation from companionship, restriction of intellectual stimulation, and **prolonged inactivity** – do not per se amount to cruel and unusual punishment; depressed mental state, without more, is not sufficient to state a claim).

Accordingly, plaintiff's claims arising from his confinement in administrative segregation will be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.

## B. LOST PROPERTY

Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as plaintiff possessed tort remedies under Virginia state law to recover the value of his lost property, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim concerning the alleged property loss.[6] Accordingly, I find that plaintiff's claim regarding lost

---

[6] It is not at all clear that plaintiff has lost any property. His grievance documentation indicated that his
(continued...)

Case 7:08-cv-00062-JLK-mfu    Document 4    Filed 02/19/08    Page 7 of 8    Pageid#: 23

property must be dismissed, pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

## C. FOOD TAMPERING

The Eighth Amendment protects prisoners from cruel and unusual living conditions. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981). However, to state a claim of constitutional significance regarding prison conditions, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); <u>Helling v. McKinney</u>, 509 U.S. 25 (1993). Assuming that there is any basis to plaintiff's claim that, on one occasion, his food was tampered with, plaintiff has not alleged that he was harmed in any way by the purported tampering. Accordingly, I will dismiss this complaint, pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

Based on the foregoing, I find that these claims do not constitute a violation of plaintiff's constitutional rights and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER:** This 19th day of February, 2008.

Senior United States District Judge

---

[6](...continued)
papers were being returned to him, and it seems likely that his confiscated boots will be returned to him upon his release.